UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JUSTIN CHRISTOPHER KAUCIC,

          Plaintiff,

                                           Case No. 26-cv-0941-bhl

   v.

USIEL RAMOS, et al,

          Defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

On May 26, 2026, Plaintiff Justin Christopher Kaucic, proceeding without an attorney, filed this lawsuit against Defendants Usiel Ramos, Brian Hauerwas, "Ofc. Talley," the Village of Mount Pleasant, and two John Doe Officers. (ECF No. 1.) Kaucic has also filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 2.) The matter is before the Court for consideration of Kaucic's IFP motion.

The Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *Cf.* 28 U.S.C. §1915(a)(1). Kaucic's IFP application includes information about his finances and is signed under penalty of perjury, satisfying the first IFP requirement. *See id.*; (ECF No. 2 at 4). He represents that he started his own business in May of 2025 but has no income and is surviving on his savings account and credit cards. (ECF No. 2 at 4.) His monthly expenses total $4,752, including a $1,377 mortgage payment, a $1,575 car payment, $1,000 for credit card debts, $700 in other household expenses, and $100 for ADT protection. (*Id.* at 2–3.) His home is valued at $230,000, and he admits he has $80,000 in equity in it. He also owns a 2024 Dodge Durango valued at $75,000, but owes $89,000, which is more than the vehicle is worth. (*Id.* at 3–4.) He also confirms having $900.00 in cash or in his checking and savings accounts. (*Id.* at 3.)

On these facts, the Court will deny Kaucic's IFP motion, because he is not sufficiently indigent to warrant a fee waiver. While a plaintiff need not show that he is totally destitute to establish indigence, *see Zaun v. Dobbin*, 628 F.2d 990, 993 (7th Cir. 1980), the Court's authority to grant IFP motions "is reserved to the many truly impoverished litigants who . . . would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). The total cost of filing a civil action is $405.00, which includes the $350.00 statutory filing fee and a $55.00 administrative fee. Kaucic has $900 in savings—he can use these funds to pay the filing fee. "Litigation is not a free good," and payment causes the "plaintiff to think about the case and not just file reflexively." *See Lumbert v. Illinois Dep't of Corrections*, 827 F.2d 257, 259 (7th Cir. 1987). His decision to use money on miscellaneous expenses rather than to file a complaint "demonstrate[s] an implied evaluation of the suit" that the Court is "entitled to honor." *See id.* Kaucic is in significantly better financial condition than many litigants in this Court and has the financial resources to facilitate payment of the filing fee. The Court will give Kaucic **thirty (30) days** from the date of this Order to pay the filing fee. If he does not pay, his case will be dismissed without prejudice for failure to prosecute under Civ. L. R. 41(c).

Accordingly,

**IT IS HEREBY ORDERED** that Kaucic's Motion to Proceed Without Prepayment of the Filing Fee, ECF No. 2, is **DENIED**. Kaucic has until **June 29, 2026** to pay the filing fee, or his case will be dismissed without prejudice for failure to prosecute under Civ. L. R. 41(c).

Dated at Milwaukee, Wisconsin on May 29, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge