UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JUSTIN CHRISTOPHER KAUCIC,

Plaintiff,

Case No. 26-cv-0941-bhl

v.

USIEL RAMOS, et al,

Defendants.

---

**ORDER**

---

On May 26, 2026, Plaintiff Justin Christopher Kaucic, proceeding without an attorney, filed this lawsuit against officers Usiel Ramos, Brian Hauerwas, and Officer Talley, along with two Officer John Does and the Village of Mount Pleasant. (ECF No. 1.) He filed an amended complaint on June 10, 2026, alleging the defendants used excessive force against him and failed to intervene during a mental health episode in December 2023. (ECF No. 6 at 4–5.) On August 27, 2026, after the defendants were served but failed to appear, Kaucic sought entry of default, and the Clerk entered default against the Defendants. (ECF Nos. 12 & 13.) Just four days later, on August 31, 2026, Defendants filed their answer to the complaint, along with a motion to set aside default. (ECF Nos. 16 & 17.) Kaucic opposed the motion and has now also moved for entry of a default judgment. (ECF Nos. 19 & 20.) Given Defendants' prompt response to the clerk's entry of default and explanation for their initial failure to timely answer, the Court will grant their motion to set aside the clerk's entry of default and deny Kaucic's request for a default judgment.

The Seventh Circuit has a "policy of favoring trial on the merits over default judgment." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009). To succeed in their motion to set aside the default, Defendants must show (1) good cause; (2) quick action to correct the default; and (3) a meritorious defense. *See Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 949 (7th Cir. 2020). The Village of Mount Pleasant contends it forwarded the summons and complaint on the date of service to the third-party administrator for the Village's liability carrier. (ECF No. 16 at 3.) It filed a declaration from the liability carrier,

stating the complaint was not "opened correctly" in the "electronic filing system." (ECF No. 18 ¶2.) The declaration states that once the claim was discovered, the carrier took action to retain counsel for the Village on August 31, 2026. (*Id.* ¶3.) This is sufficient to indicate Defendants have good cause for the default because they did not willfully ignore the action. Defendants took quick action to appear, file a motion to set aside the default, and file an answer within four days of default being entered. (ECF Nos. 15–17.) Defendants raise several defenses to Plaintiff's claim, including lack of constitutional rights deprivations and qualified immunity. (ECF No. 21 at 6.) Because "default judgment is a harsh sanction that ought to be used sparingly," *Johnson v. Gudmundsson*, 35 F.3d 1104, 1117 (7th Cir. 1994), the Court will grant Defendants' motion to set aside default under Fed. R. Civ. P. 55(c).

Because the Court is granting the motion to set aside the default, the Court will deny Plaintiff's motion for default judgment. To keep the case moving, the Court will also set a scheduling conference in this matter.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Set Aside Entry of Default, ECF No. 16, is **GRANTED**. The Clerk of Court is directed to set aside the default entered against Defendants on August 27, 2026. Plaintiff's Motion for Default Judgment, ECF No. 20, is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will conduct a telephonic scheduling conference pursuant to Fed. R. Civ. P. 16(b) and Civil L.R. 16(a) on **November 19, 2026** at **10:30 a.m.** before Judge Brett H. Ludwig. To appear by telephone, you must call the Court conference line at 1-669-254-5252, enter Meeting ID 160 9600 2659 and Passcode 243805 before the scheduled hearing time. A formal written Rule 26(f) report must be filed no later than **seven days** before the scheduling conference.

Dated at Milwaukee, Wisconsin on October 23, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge